IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMM, INC. ET AL. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 3541 |
| ) | |
| BANK ONE CORPORATION, N.A. ET AL. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiffs Timm, Inc., ("Timm"), J-Press, Inc., ("J-Press"), Ty Putrich and Carla Putrich (collectively plaintiffs), filed an eight count first amended complaint on October 29, 2004 against defendants Bank One Corporation, N.A., ("Bank One"), Baker & Daniels, Norbert Toubes, ("Toubes"), Robert Mysliwiec, ("Mysliwiec"), and Barnes & Thornburgh alleging various civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* (Dkt. No. 42). Defendants Toubes and Mysliwiec filed an answer and counterclaim on December 9, 2004. (Dkt. No. 51). On December 3, 2004, Bank One, Baker & Daniels and Barnes & Thornburgh filed the pending motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (Dkt. Nos. 45, 46, 48). For the reasons set forth below, this court grants the defendants' motions to dismiss.

## BACKGROUND

According to the First Amended Complaint, Carmine Martino ("Martino"), is the president of Caro, Inc. and Casa Holdings, Inc. and is also a former executive with Timm and J-

Press. (Dkt. No. 42 at ¶ 17). The complaint alleges that Martino conspired with Bank One to defraud the plaintiffs and acquire control of Timm and J-Press through the acquisition of the companies' corporate assets. (*Id.* at ¶ 20). Bank One facilitated Martino's acquisition of Timm and J-Press by defaulting Timm and J-Press' loan obligations held by Bank One and then selling the corporations' assets to Martino through a UCC Article 9 sale. (*Id.* at ¶ 32). Bank One participated in the alleged conspiracy because this helped advance Bank One's ongoing business goal of the time of reducing outstanding business loans. (*Id.* at ¶ 25).

The plaintiffs allege that Bank One committed mail fraud when it mailed a proposed refinancing agreement to the plaintiffs even though Bank One had no intent to follow through on the refinancing agreement. (*Id.* at ¶ 38). The plaintiffs also allege that the default on the Bank One loans were also facilitated by Toubes' eviction of the plaintiffs from a building rented by the plaintiffs in St. Joseph's County, Indiana. (*Id.* at ¶ 41-42). "Further ... Martino made threats to murder Ty Putrich and his family if he interfered with Martino's acquisition of the building and assets of Timm and J-Press" even though Timm and J-Press were in rightful possession of those assets at that time. (*Id.* at ¶ 44). The plaintiffs allege that these statements constitute a violation of the Hobbs Act as well as robbery under Indiana law.

The plaintiffs further allege that the defendants and other non-defendant participants have committed various other criminal acts in support of the conspiracy to obtain Timm and J-Press for Martino. These acts include: (1) committing wire fraud when they misrepresented that Martino was the head of Timm and J-Press, (*Id.* at ¶ 45), (2) committing mail fraud when Bank One mailed a letter to the plaintiffs saying that it was selling the corporate assets at the UCC Article 9 sale when Bank One did not have authority to sell the assets, (*Id.* at ¶ 46), (3)

committing theft when Bank One took documents belonging to Timm and J-Press, (*Id.* at ¶ 47), and (4) committing mail and wire fraud when Bank One reported to the FBI that Ty Putrich had embezzled $100,000 in funds when he was later exonerated of any wrong doing. (*Id.* at ¶ 48).

Counts One through Four allege separate violations of the RICO statute, 18 U.S.C. §§ 1962(a) - 1962(d). Counts Five through Eight allege associated state law claims.

## STANDARD OF REVIEW

Dismissal of a claim under Rule 12(b)(6) is proper only when it appears beyond a doubt, based on the reading of the complaint, that "the plaintiff can prove no set of facts that would entitle him to relief." *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 45 (1957)). All well-pleaded factual allegations in the complaint must be accepted as true and all inferences must be drawn in favor of the plaintiff. *Id.* Although "the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case," *Pleasant v. Risk Mgmt. Alternatives*, No. 02 C 6886, 2003 WL 164227, at *1 (N.D. Ill. Jan. 23, 2003), a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

Rule 9(b) requires "circumstances constituting fraud ... [to] be stated with particularity." Fed. R. Civ. P. 9(b). "Plaintiffs ... must identify 'the who, what, when, where and how.' ... The particularity requirement ensures that plaintiffs 'conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *In re Spiegel, Inc. Sec. Litig.*, No. 02 C 8946, 2005 WL 1838449, at *2 (N.D. Ill. July 29, 2005) (citations omitted).

3

ANALYSIS

A. The RICO Claims

Count One of the complaint alleges a violation of 18 U.S.C. § 1962(a), Count Two alleges a violation of 18 U.S.C. § 1962(b), Count Three alleges a violation of 18 U.S.C. § 1962(c), and Count Four alleges a violation of 18 U.S.C. § 1962(d). Bank One argues that all four RICO claims should be dismissed because the complaint (1) fails to plead the existence of a RICO enterprise, and (2) fails to plead that Bank One engaged in a pattern of racketeering activity. Defendant Baker & Daniels have explicitly joined in Bank One's RICO arguments (Dkt. No. 45 at pg. 2), while Barnes & Thornburgh have made substantially similar arguments to Bank One on the RICO issues. For organizational purposes, this court will address each of Bank One's arguments on the RICO issues in the order those arguments are presented.

Section 1962(a) makes it unlawful to invest income or proceeds obtained from a pattern of racketeering activity in an enterprise. 18 U.S.C. § 1962(a). Under the investment injury rule, which is applied when evaluating whether the plaintiff have successfully alleged a violation of Section 1962(a), "'the use or investment of the racketeering income must proximately cause the plaintiff's injury; injury caused by the predicate racketeering acts is inadequate.'" *Cobbs v. Sheahan*, – F. Supp. 2d –, No. 03 C 3841, 2005 WL 1498834, at *2 (N.D. Ill. June 20, 2005) (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 n.6 (7th Cir. 1994)).[1]

Section 1962(b) makes it unlawful for a person to invest in or obtain control of an

---

[1] In *Cobbs*, Judge Moran noted that "the Seventh Circuit had not adopted the investment injury rule, but, in *Vicom*, [the Seventh Circuit] expressed accord with the majority of circuits that have adopted the rule. Following *Vicom*, district courts in the Seventh Circuit, [including this court], have applied the investment injury rule and have required the investment of income to cause a plaintiff's injury." *Cobbs*, – F. Supp. 2d –, No. 03 C 3841, 2005 WL 1498834, at *3.

enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962(b). To allege a violation of § 1962(b), the plaintiff must allege that: (1) the "defendants acquired or maintained an interest in an enterprise through a pattern of racketeering activity; and (2) the plaintiff suffered an injury through the defendants' acquisition or maintenance of the enterprise that is separate from the injuries that resulted from the predicate acts." *Davit v. Davit*, 366 F. Supp. 2d 641, 654 (N.D. Ill. 2004) (quoting *Xinos v. Kappos*, 270 F. Supp. 2d 1027, 1032 (N.D. Ill. 2003)).

Section 1962(c) makes it unlawful for a person employed or associated with any enterprise to conduct or participate in the conduct of the enterprise's affairs through a pattern of racketeering activity. 18 U.S.C. § 1962(c). To allege a violation of § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Draper v. Pickus*, No. 04 C 8150, 2005 WL 1564983, at *4 (N.D. Ill. June 29, 2005) (quoting *Sedmia, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992)).

Section 1962(d) makes it unlawful for any person to conspire to violate the provisions of §§ 1962(a) - 1962(c). "To state a viable claim under § 1962(d), the plaintiffs must allege that each defendant: (1) agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity and (2) further agreed that someone would commit at least two predicate acts to accomplish those goals. *Newscope Tech. Lts. v. Ameritech Info. Industry Servs., Inc.*, No. 99 C 52, 1999 WL 199650, at *5 (N.D. Ill. Apr. 5, 1999) (citations omitted).

### 1. Counts One, Three, Four: Existence of a RICO Enterprise

The defendants argue that Counts One, Three and Four must be dismissed because the

plaintiffs have failed to plead the existence of a RICO "enterprise." Counts One, Three and Four allege violations of §§ 1962(a), (b) and (d), respectively. The plaintiffs respond that they have plead sufficient information to demonstrate a RICO enterprise. The plaintiffs also argue that the defendants are making factual arguments which are not proper at the motion to dismiss stage in the litigation.

"A RICO enterprise is 'an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amendable to hierarchical or consensual decision-making.'" *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 644 (7th Cir. 1995) (quoting *Jennings v. Emry*, 910 F.2d 1434, 1440 (7th Cir. 1990)). "The RICO statute reaches informal as well as formal organizations. ... Indeed, a prototypical RICO enterprise is a criminal gang not incorporated under the laws of any state." *Bachman v. Bear, Stearns & Co., Inc.*, 178 F.3d 930, 931-32 (7th Cir. 1999)). "A RICO enterprise is more than a group of people who get together to commit a 'pattern of racketeering activity,' ... there must be an organization with a structure and goals separate from the predicate acts themselves." *Stachon v. United Consumer Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000) (citations omitted).

The plaintiffs' amended complaint fails to allege a RICO enterprise and therefore Counts One, Three and Four must be dismissed. The plaintiffs only allege that the defendants and non-defendant participants associated for the single purpose of taking Timm and J-Press from Ty and Carla Putrich. There were no goals or organization independent of the alleged scheme. The Seventh Circuit has been clear to note that every conspiracy to commit a fraud is not a RICO organization. *Bachman*, 178 F.3d at 932 (A conspiracy "is not an enterprise unless every conspiracy is also an enterprise for RICO purposes, which the case law denies.") (citations

omitted).

### 2. Counts One through Four: Pattern of Racketeering Activity

The defendants argue that all four of the plaintiffs' RICO claims must be dismissed because the plaintiffs have failed to allege a "pattern of racketeering activity." "A pattern of racketeering activity consists of at least two predicate acts of racketeering committed within a ten-year period. Predicate acts are acts indictable under a specific list of criminal laws [cited in the RICO statute] including mail fraud and wire fraud." *Draper v. Pickus*, No. 04 C 8150, 2005 WL 1564983, at *4 (N.D. Ill. June 29, 2005). The plaintiffs must also allege "sufficient continuity among [the predicate acts] to give rise to a pattern of racketeering." *Starfish Inv. Corp. v. Hanson*, 370 F. Supp. 2d 759, 774 (N.D. Ill. 2005). A plaintiff can allege either a "closed-ended racketeering activity that existed for such an extended period of time that a threat of future harm is implicit, or (2) open-ended racketeering activity that, while short-lived, shows clear signs of threatening to continue into the future." *Katris v. Doherty*, No. 01 C 6885, 2001 WL 1636914, *6 (N.D. Ill. Dec. 19, 2001) (citing *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1022 (7th Cir. 1992)).

The plaintiffs have failed to allege a pattern of racketeering activity and have instead alleged the opposite in this case. The plaintiffs' allegations present a scheme with a single purpose, to eliminate the Putrichs from controlling Timm and J-Press and transferring the corporations to Martino. The other defendants allegedly would financially benefit from this transfer. This allegedly unlawful transfer was the end goal of the defendants and non-defendant participants. The alleged conspiracy has no reason for existing once the Timm and J-Press assets were transferred to Martino and there is no alleged reason for it to be reestablished in the future.

Therefore, there is no alleged pattern of racketeering activity and therefore the RICO claims in Counts One through Four must be dismissed.

B. State Law Claims

With the dismissal of the plaintiffs RICO claims, Counts One through Four, the plaintiffs have no remaining federal claims in this case. This court declines to exercise supplemental jurisdiction over the remaining state law claims in Counts Five, Six, Seven and Eight.

## CONCLUSION

For the reasons set forth above, this court grants Bank One, Baker & Daniels and Barnes & Thornburgh's December 3, 2004 motions to dismiss. (Dkt. Nos. 45, 46, 48). Defendants Bank One, Baker & Daniels and Barnes & Thornburgh are dismissed for this case. Counsel for the plaintiffs and remaining defendants Toubes and Mysliwiec are requested to hold a Rule 26(f) conference and file a jointly completed Form 35 signed by counsel for each party on or before October 6, 2005. Counsel are requested to submit a courtesy copy of the Form 35 to Chambers on the day of filing. This case is set for a report on status and entry of a scheduling order at 9:00am on October 13, 2005. The remaining parties are encouraged to discuss settlement.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: September 22, 2005